## Manuel H. Boals, Appellant, v. Alexander Wegener, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

## Statement of the Case.

Bill by Manual H. Boals, complainant, against Alexander Wegener, defendant, for contribution between cosureties on an indemnity bond given the corporate surety on a contractor's building bond. From a judgment for defendant, complainant appeals.

Levi Davis and William P. Boynton, for appellant.

John J. Brenholt and Warnock, Williamson & Burroughs, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Boals v. Wegener, 206 Ill. App. 325.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND SURETY, § 92*—*when right of contribution between cosureties exists.* On a bill for contribution between sureties on an indemnity bond given a corporate surety on a contractor's building bond, where it appeared that the surety company, upon default of the contractor, called upon complainant to keep it harmless; that complainant notified defendant that they were expected to protect the surety company; that defendant told complainant's son to go ahead and if there was any shortage he would pay his portion; that complainant thereupon completed the work, and, · after deducting the amount due the corporation of which complainant was president, notes of such company were given for the shortage; that such notes were subsequently paid by the check of such company; that the amount of such checks and the account for materials were charged on the books of the company to complainant's personal account; that the dividend received from the contractor's bankrupt estate was applied by complainant to the shortage, and the expenses incurred by complainant in securing the dividend and in completing the work and interest on the shortage were included in the amount sought to be recovered, *held* that the direction of the defendant to go ahead and complete the work and the promise to pay his share of the loss was a promise to complainant, and was sufficient authority for him to complete the work, and that defendant should in equity be held to pay his share of all reasonable costs incurred thereby.

2. PRINCIPAL AND SURETY, § 98*—*when burden of proof is on complainant seeking contribution from cosurety.* On a bill in equity for contribution between sureties on a bond given to indemnify a surety on a building contractor's bond, *held* that the burden of proof was on complainant to show what the reasonable amount of the shortage and expenses incurred by complainant were.

3. PRINCIPAL AND SURETY, § 92*—*when payment by surety considered as made in cash.* On a bill for contribution between sureties, where one of the questions was whether the fact that certain notes given in payment of the shortage in question, and also an account for materials furnished, which was part of the shortage, were charged to complainant's account on the books of the company, of which he was president, could be considered as though such items had been paid by complainant in cash, *held* that the benefit to the defendant was the same, and that the transaction must be considered as though payment had been made in cash.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.